John Kauffman (SBN 302422)
john.kauffman@lawhq.com
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adam Kestle,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>The Litigation Practice Group PC,<br><br>　　　　Defendant. | Case No.: 8:23-cv-02119<br><br>CLASS ACTION COMPLAINT<br><br>Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

2. Defendant The Litigation Practice Group PC ("LPG") has contributed to this barrage of telephone spam by initiating illegal calls to Plaintiff Adam Kestle ("Kestle").

3. Kestle wants this telephone spam to stop. Others do as well. LPG has already been sued seven other times for telephone spam, but that has not caused LPG to stop spamming.

4. Kestle brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C. § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff Adam Kestle is a citizen of Kansas and a resident of Manhattan, Kansas.

8. Defendant The Litigation Practice Group PC is a California-registered corporation with its principal place of business in Tustin, California.

## FACTUAL ALLEGATIONS

9. Kestle's home, phone, and privacy have been invaded by LPG's non-emergency calls.

10. Kestle is the residential subscriber of the cell phone number 203-809-1964. Kestle uses this phone number at home. Kestle makes and takes personal calls and text messages on this phone number.

11. Kestle registered the number 203-809-1964 on the national Do Not Call Registry ("DNCR") on December 24, 2022.

12. LPG has initiated unwanted and unsolicited calls to Kestle despite his registration on the DNCR.

13. LPG initiated the calls using a tactic known as "ringless voicemail."

14. A ringless voicemail operates as follows:

    i. The system places two sequential calls to the consumer.

    ii. The first call briefly engages the consumer's phone line, typically lasting less than one or two seconds. This often causes the phone to ring once, hence the term, "ringless voicemail" can be misleading.

    iii. While the line is briefly engaged, a second call is made. Unable to connect due to the first call, this second call is automatically redirected to the consumer's voicemail where a prerecorded message is left.

    iv. After rerouting the second call, the system immediately terminates the first call.

    v. Even in situations where the consumer's phone does not ring, the consumer is still interrupted and annoyed by a missed call notification from an unknown telemarketer.

15. On December 30, 2022, at 7:46 PM UTC, LPG called Kestle from 833-257-4239. This call only rang Kestle for two seconds then was disconnected by LPG before Kestle could answer. Thirty seconds later, Kestle then received a voicemail from LPG. This voicemail originated from a second call that LPG initiated immediately after the first call at 7:46 PM UTC.

16. The voicemail said:

> Hello, this is Phil from the National Financial Hardship Loan Center. Today's date is Wednesday, December 28. The reason I'm calling is because you are currently approved for a $31000 financial hardship loan. There is no credit check, and we offer same-day approval. This loan can be used for any purpose, including paying off debt, unexpected bills or personal use. With the new year approaching, this can be a really good option for you to get some financial relief. This applies to all residents. Due to inflation and rising costs, we offer same day approval, so we can get this expedited for you. Again, there is no credit check, and we can offer same day approval. Please give our national office a call at 855-601-8979. Again, that number is 855-601-8979. Thank you and talk to you soon.

17. LPG initiated the calls using a prerecorded voice. The calls did not sound like a live person was talking. After the voicemail greeting beep, there was an unnatural two-second delay before the caller started talking indicating a system was leaving the voicemail and not a live person. And as described above, this was a ringless voicemail which by definition utilizes prerecorded voices to leave a voicemail.

18. LPG did not disclose its true identity in the calls.

19. Kestle has received many other calls about "financial hardship loans." Some of these other calls have also been prerecorded. Kestle has opted out of these other calls but has nonetheless continued to receive more of the same calls. On information and belief, these other calls were also made by LPG.

20. A call back to the number provided in the voicemail message led to connection with a customer service agent, who identified as "Isaiah," a "Senior Discount Specialist." He said he was with "Debt Relief Center." After a few

questions, the agent said he was with "LPG," an attorney group. The same agent ultimately said he was with "Litigation Practice Group" and provided their company's website address as, "lpglaw.com."

21. The website https://lpglaw.com states its true identity on its privacy policy page as "Owner Contact Information" followed by "Litigation Practice Group 17542 17th Street Suite 100 Tustin CA 92780, Support@lpglaw.com."

22. The purpose of these calls was to sell LPG's debt relief services.

23. LPG's calls are a nuisance and annoyance to Kestle. The calls have invaded Kestle's privacy. The spam has diminished the value of Kestle's phone and Kestle's enjoyment of life.

24. The calls were especially intrusive, frustrating, and annoying to Kestle because LPG purposefully hid its identity. Kestle had no idea who was spamming, whether the spammer was somebody whom Kestle had previously told to stop, or whether it was safe for Kestle to make a do-not-call request. By not disclosing LPG's identity, LPG knowingly tried to prevent Kestle from monitoring and enforcing compliance with the TCPA.

**LEGAL STANDARD**

25. **Prerecorded or Artificial Voice**. The TCPA prohibits calls to cell phones using an "artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

26. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number

on the National DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

27. **Identification of Caller**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

## CLASS ACTION ALLEGATIONS

28. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Kestle brings this action on behalf of all other persons similarly situated throughout the United States.

29. Kestle proposes the following Classes:

**The Prerecorded Voice Class**
All people in the United States (1) to whom LPG initiated one or more calls to their cellular telephone, (2) using a prerecorded or artificial voice, (3) within the last four years from the filing of this action.

**The DNCR Class**
All people in the United States (1) to whom LPG initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) within the last four years from the filing of this action.

**The Failure to Identify Class**
All persons in the United States (1) to whom LPG initiated more than one telemarketing call or text message within any 12-month period, (2) to their cellular telephone number, (3) without disclosing the name of the individual initiating the calls and the name of the entity on

whose behalf the calls were made, (4) within the last four years from the filing of this action.

30. LPG does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

31. Class members are identifiable through phone records and phone number databases.

32. There are questions of law and fact common to Kestle and the class members including but not limited to:

    i. Whether LPG initiated the calls.

    ii. Whether LPG's calls violated the law.

    iii. Whether Kestle and class members are entitled to statutory damages, trebled damages, and injunctive relief.

33. Kestle's claims are typical of the claims of the class members. Kestle's claims, like the class members' claims, arise out of the same common course of conduct by LPG and are based on the same legal and remedial theories.

34. Kestle is an adequate representative of the class because Kestle's interests do not conflict with the interests of the class members, Kestle will fairly and adequately protect the interests of the class members, and Kestle is represented by counsel skilled and experienced in class actions, including TCPA class actions.

35. Common questions of law and fact predominate over questions affecting only individual class members.

36. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are

1 statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

37. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Illegal Use of a Prerecorded or Artificial Voice
### (On Behalf of Plaintiff and the Prerecorded Voice Class)

38. LPG violated 47 C.F.R. § 64.1200(a)(1)-(2) by using a prerecorded or artificial voice without consent and without an emergency purpose when initiating calls to Kestle and members of the Prerecorded Voice Class.

39. Kestle and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

40. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

41. The court should enjoin such violations. *Id.*

## SECOND CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
### (On Behalf of Kestle and the Do Not Call Class)

42. LPG violated 47 C.F.R. § 64.1200(c)(2) by initiating calls to Kestle and members of the DNCR Class while their phone numbers were on the DNCR.

43. Kestle and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

44. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

45. The court should enjoin such violations. *Id.*

**THIRD CAUSE OF ACTION**
**Failure To Identify**
**(On Behalf of Kestle and the Failure to Identify Class)**

46. LPG violated 47 C.F.R. § 64.1200(d)(4) by initiating calls to Kestle and members of the Failure to Identify Class without disclosing the name of the individual initiating the calls and the name of the person or entity on whose behalf the calls were made.

47. Kestle and members of the Failure to Identify Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

48. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

49. The court should enjoin such violations. *Id.*

**RELIEF REQUESTED**

Kestle respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Kestle as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Kestle and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Kestle requests a jury trial as to all claims of the Complaint so triable.

DATED November 10, 2023

Respectfully submitted,

*/s/ John Kauffman*
John Kauffman